ed him home yesterday morning." The defendant then moved the court to direct the jury, that the plaintiff was not entitled to recover. And the Court, [*Nicholson* Ch. J. and *Jones*, A, J.] gave the direction. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court, where the cause was argued before BUCHANAN, EARLE, and JOHNSON, J.

*Winder*, for the Appellant, contended, that the words spoken were actionable; and that the offence alleged against the plaintiff brought him in danger of legal punishment.

*Boyd*, for the Appellee, cited 2 *Esp. Dig.* 497, 498. *Bull. N. P.* 5. And contended that the words spoken imported but a trespass, and not an act which could make the plaintiff liable to a criminal prosecution.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

*1811.*
Dunnington
vs
Dunnington

---

## DUNNINGTON's Ex'r. vs. DUNNINGTON's Adm'r.

*DECEMBER.*

APPEAL from *Charles* County Court, from a judgment in favour of the defendant below, (now appellee,) in an action of replevin brought against him on the 30th of January 1804, for a negro boy named *Jesse.* The defendant pleaded property, *non cepit infra tres annos*, and *actio non accrevit infra tres annos.* To these pleas there were the general replications, and issues were joined. At the trial, the plaintiff proved by a competent witness, that the negro boy in dispute was the property of *William Dunnington*, senior, the plaintiff's testator, and was loaned by him to his son *William Dunnington*, junior. The plaintiff then gave in evidence, without objection, the will of *William Dunnington*, senior, dated the 8th of September 1794, reciting, that "as to what worldly estate it hath pleased Almighty God to bless me with, I dispose of in the following manner." Sundry devises and bequests are contained in this will, of lands and negroes, but the negro boy *Jesse* is not named therein. The devise to *William Dunnington*, junior, is of land, and also a negro lad called *John*; and the testator directed that the balance of his estate should be divided between his sons *Peter* and *Francis.* The lat-

In replevin by W's executor against E's administrator, for a negro boy, the defendant, for the purpose of proving a gift of the negro boy, by W to J, whose admin istratrix E was in her life-time, offered in evidence K, the wife of B, which K was the daughter and one of the representatives of J and of E, and to restore her competency, gave in evidence a receipt given by B to E, as the administratrix of J, for his wife's share of her deceased father J's estate. Held, that K's testimony was inadmissible.

1811.

Dunnington
vs
Dunnington

ter he appointed his executor. The defendant then offered to read in evidence the deposition of a certain *Kitty Bloxham*, taken under a commission. She was admitted to be the daughter, and one of the representatives of *William Dunnington*, junior; and of *Eleanor Dunnington* the defendant's intestate, and also to be married to a certain *James Bloxham*. Her deposition stated, that she was present at a conversation which took place between her grandfather and her father. Her father said to her grandfather, that he did not think he had used him well, that he had given to each of his other children a negro, and had never given him one; to which her grandfather replied, yes, *William*, I have; I gave you *Jesse*. Her father replied, I did not know you had given him to me. Her grandfather again replied, yes, *William*, I give him to you. This conversation happened 3 years and 4 or 5 months before the death of her grandfather. That *Jesse* was upwards of 3 years in her father's possession, before her grandfather died, and was in his possession at the time of the gift above stated. That from the time of the gift the boy was employed, kept and considered, as her father's slave. And the defendant then, to render the testimony in this deposition competent, produced the receipt of *James Bloxham*, the husband of the deponent, dated the 30th of July 1805, acknowledging to have received of *Eleanor Dunnington*, administratrix of *William Dunnington*, deceased, all and every part and parcel of his wife, *Catharine Bloxham*'s proportion of her father's, the said *William Dunnington*'s personal estate. The plaintiff, however, objected to the competency of the evidence. But the court, [*Key* and *Clarke*, A. J.] were of opinion that it was admissible, and allowed it to be read in evidence to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, and JOHNSON, J. by

*T Buchanan* and *Magruder*, for the Appellant; and by *C. Dorsey*, for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.